UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN MICHELLE HAYMORE and ANDREW GRANT HAYMORE,<br><br>Plaintiffs,<br><br>v.<br><br>KUCHUK YURIY,<br><br>Defendant. | No. 2:25-cv-1496 DAD AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this action pro se. The case was referred to the undersigned for pretrial proceedings by E.D. Cal. R. 302(c)(21). Plaintiffs filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and submitted the affidavit required by that statute. ECF No. 2. See 28 U.S.C. § 1915(a)(1). Accordingly, the motion (ECF No. 2) is GRANTED. Plaintiffs also filed a motion for accommodations (ECF No. 3), which does not seek accommodations which are available from the court. That motion is DENIED for reasons explained below.

I.   SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

1

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc).

## II. COMPLAINT

Plaintiffs' 83-page complaint alleges that six judges in this district, including the undersigned, have engaged in publicly documented, coordinated unlawful actions by denying their emergency motions in violation of their constitutional rights. Pages 13-20 of the complaint are a tribute to plaintiffs' deceased cat, Paisley, to whom the complaint is dedicated.[1] Plaintiffs allege that they have multiple "invisible disabilities," including post-traumatic stress disorder. Id. at 21-29. Plaintiffs refer to previous cases filed in the Eastern District of California, asserting that prior cases have been dismissed in what they refer to as a "paper death conspiracy" led by the undersigned and Chief District Judge Troy L. Nunley. Id. at 37. At the end of the complaint, plaintiffs' list the "Tope Five Infractions Against the Law" as (1) conspiracy against civil rights (18 U.S.C. § 241); (2) violation of civil rights (42 U.S.C. § 1983 and § 1985); (3) Disability Discrimination (42 U.S.C. § 12132); (4) Retaliatory Eviction (Cal. Civ. Code § 1942.5); and Abuse of Judicial Immunity (28 U.S.C. § 455). ECF No. 1 at 81-82.

## III. ANALYSIS

Plaintiffs' complaint must be dismissed because it is legally frivolous, fails to state a claim upon which relief can be granted, and sues defendants who are immune from suit, as explained below.

### A. Conspiracy Against Civil Rights (18 U.S.C. § 241)

Plaintiffs cannot state a claim for criminal conspiracy against civil rights because 18 U.S.C. § 241 is a criminal statute, and individual civil plaintiffs cannot sue for violations. In

---

[1] Plaintiffs allege that judges of this court indirectly caused Paisley's death. Id. at 39.

general, a citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code generally does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). The Ninth Circuit has expressly held that § 241 does not give rise to civil liability. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Because there is no civil claim for conspiracy against civil rights, this claim must be dismissed.

    B. Violation of Civil Rights (42 U.S.C. § 1983 and § 1985)

Plaintiffs do not state a claim for civil rights violations under either § 1983 or § 1985. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) that conduct violated the right secured by the Constitution and laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1985 protects against conspiracies to interfere with civil rights.

Both civil rights statutes provide causes of action against *state* actors only, and not against federal officials or employees. See Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir. 1981) (federal agencies and employees cannot be sued under Section 1983 because they do not act under state authority). Although the face page of the complaint identifies some state and local government actors after the laundry list of federal defendants, ECF No. 1 at 1, the civil rights claims are clearly asserted against the federal actors, id. at 26 ("This complaint and lawsuit are the unfortunate testimony of how federal employees – including clerks, judges, Homeland Security officers, and contracted security – participated in coordinated attacks of group civil harassment, civil stalking, and violations of the First, Fifth and Fourteenth Amendments.")[2] The

---

[2] It is difficult to identify any specific allegations regarding the state and local government defendants, who appear to have been the subjects of previous lawsuits dismissed by the federal judges sued here.

4

overwhelming majority of the complaint consists of a screed against the named federal judges and other federal defendants. Accordingly, the civil rights claims fail as a matter of law.

Moreover, plaintiffs allege that judicial defendants, including judges and court staff, denied 12 emergency motions in violation of plaintiffs' First and Fourteenth Amendment rights. ECF No. 1 at 82. Disagreement with district court orders does not establish a civil rights violation. Moreover, the named defendants with respect to these causes of action are all immune from suit. "Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (internal citations omitted). Plaintiffs' claims are solely based on various judges' and clerks' exercise of judicial functions. These claims must be dismissed, both because defendants are immune from suit and because the claims are frivolous.

C. Disability Discrimination (42 U.S.C. § 12132)

Plaintiffs' claim for disability discrimination is based on the repeated denial of plaintiff's emergency ADA accommodation motions and "clerk's harassment." ECF No. 1 at 81. This cause of action is unsupported by facts, and again is based on various judges' prior denials of motions. Plaintiffs do not offer any coherent explanation of this cause of action beyond conclusory assertions that their rights have been violated. See, e.g., ECF No. 1 at 4 ("Allison Claire denied ADA accommodations and a restraining order that would have allowed my brother to continue his God-given right to redress grievances. However, because these judges wish to uphold an image rather than to uphold integrity, and because they want to place themselves in front of a machine and a beast – for we cannot call this government a direct reflection of the Constitution and its values, but we can call it a machine more appropriately because it does not think, feel, it does not speak, it does not hear, it is dead and cannot be forgiven as there is no one to pay for its sin or its mistakes."). As with plaintiffs' civil rights claims, plaintiffs fail to state a claim upon which relief can be granted and sue defendants who are immune from suit. Accordingly, this claim must be dismissed.

D. Retaliatory Eviction (Cal. Civ. Code § 1942.5)

Plaintiffs allege under this cause of action that "Monte Bellow Apartments LLC,

emboldened by judicial inaction, pursued a fraudulent evection," referencing what appears to be a state court unlawful detainer action. ECF No. 1 at 82. This is a state law cause of action, and there is no independent basis for federal jurisdiction over this claim. Because all federal claims in this case are both frivolous and fail to state a claim upon which relief can be granted, the district court should not retain jurisdiction over this putative state court cause of action which may or may not be ongoing in state court. Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001) ("While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity . . . These rules make clear that the district court had discretion to decline to exercise jurisdiction on the state law claims"). Accordingly, this claim should be dismissed.

E. Abuse of Judicial Immunity (28 U.S.C. § 455)

Plaintiffs cannot state a claim under 28 U.S.C. § 455. This is a federal statute governing the disqualification of federal justices, judges and magistrate judges; it does not provide a private right of action. See 28 U.S.C. § 455; see also Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (explaining that § 455 "imposes an affirmative duty upon judges to recuse themselves").

Construing this putative cause of action as a motion for the undersigned to recuse herself in this case, or for the district judge to recuse, there is no basis for recusal. "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." Clemens v. U.S. Dist. Court for Cent. Dist. of Cal., 428 F.3d 1175, 1179 (9th Cir. 2005) (internal citation and quotation marks omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." Torres v. Chrysler Fin. Co., No. C-07-00915-JW, 2007 WL 3165665, at *1, 2007 U.S. Dist. LEXIS 83154 (N. D. Cal. Oct. 25, 2007); see also Sivak v. Hardison, 658 F.3d 898, 924 (9th Cir. 2011) ("We presume that Judge Newhouse was impartial because he was a judicial officer.").

It is well established that disagreeing with a judge's legal ruling is insufficient to require

6

recusal under 28 U.S.C. § 455. United States v. Sibla, 624 F.2d 864, 869 (9th Cir. 1980) ("Provisions of section 455(a) & (b)(1) require recusal only if the bias or prejudice is directed against a party and stems from an extrajudicial source" and finding a judge need not excuse himself after the judge concluded a particular legal strategy was "meritless" and "legally frivolous"). Because plaintiffs' complaint is clear that their concerns about the impartiality of the undersigned (and many other judges in this district) are based solely on prior rulings against them, there is no basis for recusal. This cause of action must be dismissed.

### F. Leave to Amend is Not Appropriate

Although the court ordinarily grants leave to amend with great liberality, especially to pro se litigants, the nature of plaintiff's complaint here compels the conclusion that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Because the complaint is frivolous and the contents make it clear that amendment would not be successful, leave to amend should not be granted.

### G. Plaintiffs' Motion for ADA Accommodations

Plaintiffs' motion for accommodations is more properly characterized as a request for injunctive relief against their current or former landlord, Montebello Homes. ECF No. 3 at 5. Plaintiffs allege that Montebello Homes provided an unsafe living space and wrongfully evicted them. See id. at 5-8. Plaintiffs "demand a restraining order" and assert that mold in their apartment caused their cat Paisley's death. Id. at 8-9. The only portion of the document that could be plausibly construed as a request for accommodation from the court is a request that plaintiffs be allowed to file documents by email rather than through the electronic filing system, or by paper copy in person. ECF No. 3 at 11 ("I do not consent to electronic notice but I will make due diligence to be her in person for every meeting, and we will take the effort to file in person as this is a duty a right and a privilege [f]or when we can but there will be times when we must needs utilize that email address to file paperwork."). No accommodation is necessary, however, because while plaintiffs may not file by email, plaintiffs are always free to file paper documents in person or by physical mail. See Local Rule 133. Plaintiffs are receiving notice from the court by mail; they are already not receiving electronic notices. Further, to the extent the

motion simply asks the court to make substantive rulings in plaintiffs' favor, that is not a cognizable request for disability accommodations. Accordingly, the motion for accommodations is DENIED because it does not seek any available or necessary disability accommodations from the court itself.

IV.   CONCLUSION

Plaintiffs' motion to proceed in forma pauperis (ECF No. 2) is GRANTED and the motion for accommodations (ECF No. 3) is DENIED.

Additionally, based on the foregoing, IT IS HEREBY RECOMMENDED that plaintiffs' Complaint (ECF No. 1) be DISMISSED for failure to state a claim and frivolity and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: July 31, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE